UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

ROBERT E. MACLAREN,                          PLAINTIFF

                                                                    3:25-cv-1106 (ECC/ML)

VERSUS,

West Pittston, Pennsylvania Police Officer David Smith,              DEFENDANTS

Clark Summit, Pennsylvania Police Officer Patrick J. McGurrin,

Conroe Texas Public Safety Trooper L. Adame,

SOCIAL SECURITY Adminstration Conroe Texas, Jane Doe (alias),

USDA Huntsville Texas FOREST Service Law Enforcement Officer (Leo) J.
McGallicher,

Conroe Texas Police Officer J. Waller,

Conroe Texas Police Officer John Doe (alias),

Montgomery County Texas Sheriff's Deputy Audrey Terrell,

Conroe Texas Police Officer A. Bell,

Walker County Texas Sheriffs Deputy Sargeant John Scheiner,

Conroe Texas Police Officer  John Doe (alias),

Utica New York Police Officer  Dennis Easle, Goldstein, Charles M.,

Delaware County New York Sheriffs Deputy Joseph P. Petriella,

1

Unadilla New York State Trooper Hobbs,

Connecticut State Trooper John Doe (Alias)

New York Forest Ranger Aimee Bills,

Susquehanna County Pennsylvania Trooper John Doe (alias).

------------------------------------------------------------------------------------------------

ROBER E. MACLAREN, Plaintiff, Pro Se

## 42 United Sstates Code § 1983 COMPLAINT

### Jury Demand

1.    This joinder of cases seeks money damages because of a false arrest, false, imprisonment, and abuse of process not leading to a conviction by said defendants against the plainiffs civil rights. As plainitff discovered. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth, Fourteenth, and Sixth Amendment  Amendments to the Constitution of the United States. TITLE 18, U.S.C., SECTION 242.

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results ....

9.3 Section 1983 Claim Against Defendant in Individual Capacity

2

—Elements and Burden of Proof - In order to prevail on a § 1983 claim against the indivdual defendant, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and

3. The defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. [[The parties have stipulated] [I instruct you] that the defendant acted under color of state law.]

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction[s] [specify the instruction[s] that deal with the particular right[s]], your verdict should be for the plaintiff.

The elements of a § 1983 claim are (1) the action was committed by a person acting "under color of state law" and (2) the action resulted in the deprivation of a

3

constitutional right or federal statutory right. Ochoa vs. Pub. Consulting Grp., Inc., 48

F.4th 1102, 1107 (9th Cir. 2022) (quoting West vs. Atkins, 487 U.S. 42, 48 (1988)).  In

order to be individually liable under § 1983, an individual must personally participate in

an alleged rights deprivation.  Avalos v. Baca, 596 F.3d 583, 587 (9th Cir. 2010).

"In a § 1983 action, the plaintiff must also demonstrate that the defendant's

conduct was the actionable cause of the claimed injury." Bearchild vs. Cobban, 947 F.3d

1130, 1150 (9th Cir. 2020) (quoting Harper vs. City of Los Angeles, 533 F.3d 1010, 1026

(9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both

causation-in-fact and proximate causation." Id.; see also Chaudhry vs. Aragon, 68 F.4th

1161, 1169 nn.11-12 (9th Cir. 2023) (defining causation-in-fact and proximate causation).

Factual causation is concerned with establishing whether the defendant's actions or

omissions were a factual cause of the harm or damage suffered by the victim.

It is determined by applying the but-for test, which asks whether the harm or damage

would have occurred but for the defendant's actions. If the answer is no, then the

defendant's actions can be said to be a factual cause of the harm or damage, and he can be

held liable. Legal causation is concerned with establishing whether the defendant's

actions or omissions were a legal cause of the harm or damage suffered by the victim. It

requires that the harm or damage must result from a culpable act or omission on the part

of the defendant, and that the defendant's actions were not too remote and were more than

a minimal cause of the harm or damage suffered by the victim.

In Reynaga Hernandez vs. Skinner, 969 F.3d 930, 941-42 (9th Cir. 2020), the

4

Ninth Circuit discussed, for the first time, the minimum level of involvement needed for § 1983 liability under the integral-participant doctrine. An actor may be deemed to have caused a constitutional violation under the "integral-participant doctrine," "only if (1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury." Peck vs. Montoya, 51 F.4th 877, 891 (9th Cir. 2022); see id. at 889-92. When liability is alleged against a defendant on this basis, the model instruction stated above will need to be modified.

Manual of Model Civil Jury Instructions › 9. Civil Rights Action—42 U.S.C. § 1983. The Supreme Court reiterated the familiar principles that pro se complaints should be "liberally construed" and, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. at 94 (quoting Estelle vs. Gamble, 429 U.S. 97, 106 (1976)). In Bell Atlantic Corp. vs. Twombly, 550 U.S. 544 (2007). an antitrust case, the Supreme Court ruled that although Federal Rule of Civil Procedure 8(a)(2) notice pleading does not require "detailed factual allegations," the complaint must provide some factual allegations of the nature of the claim and the grounds on which the claim rests. The "[f]actual allegations must be enough to raise a right to relief above the speculative level" to a "plausibility" level. Id. The Court stressed that the district court's ability to manage discovery does not diminish the plaintiff's burden of pleading facts that constitute a plausible claim. Id. A conspiracy is not an element of a § 1983 claim for relief, § 1983 plaintiffs sometimes plead conspiracies in

5

order to (1) broaden the potential scope of permissible discovery and admissible evidence. e.g., Fed. R. Evid. 801(d)(2)(E) (coconspirator hearsay exemption).

The supplemental jurisdiction statute, 28 U.S.C. § 1367, codifies United Mine Workers vs. Gibbs, 383 U.S. 715 (1966), doctrine of pendent jurisdiction. Section 1367(a) grants the federal district courts supplemental jurisdiction over "all other claims that are so related to claims" over which the federal district court has original jurisdiction "that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a) (1990). Fourteenth Amendment Rights. Spencer vs. Krause, No. 14-35689 (9th Cir. 2017), Civil Rights. The panel reversed the district court's judgment as a matter of law and remanded with instructions to reinstate a jury verdict in a 42 U.S.C. § 1983 action in which plaintiff alleged that a Clark County detective deliberately fabricated evidence against him and continued her criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in her investigative reports. As a result, plaintiff testified that he entered a plea pursuant to Carolina v. _, 500 U.S. 25, 37–38 (1970), causing him to spend nearly twenty years in prison. A jury found for plaintiff, ..., The panel held that because plaintiff introduced direct evidence of fabrication, he did not have to prove that defendant knew or should have known he was innocent. SPENCER VS. KRAUSE 3.

Addressing defendant's cross-appeal, the panel held that ample evidence in the record supported the jury's finding on causation and given the jury's finding on causation and all other elements, the district court did not err by not separately instructing the jury on "but for" causation and "proximate" causation. The panel further held that the district court did

6

not err by declining to instruct the jury that plaintiff was required to prove, that setting aside the fabricated evidence, probable cause was lacking. Finally, the panel held that the district court did not err by giving..., The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official; deliberate fabrication can be established by circumstantial evidence; deliberate fabrication can be shown by direct evidence; and, in cases involving direct evidence, the investigator's knowledge or reason to know of the plaintiff's innocence need not be proved. Because plaintiff introduced direct evidence of deliberate fabrication, he did not have to prove that Krause knew or should have known that he was innocent.

Plaintiffs may enforce a wide range of federal constitutional rights under § 1983 against defendants who acted under color of state law.[1] The Fourteenth Amendment creates numerous rights enforceable under § 1983, namely substantive and procedural due process, the equal protection of the laws, and those rights in the Bill of Rights incorporated by the Due Process Clause of the Fourteenth Amendment. These incorporated rights include rights protected by the First Amendment, including the free speech and religion clauses (the free exercise and establishment clauses), the Fourth Amendment protection against unreasonable searches and seizures, and the Eighth Amendment protection against cruel and unusual punishment.

Elements of False Arrests: False arrests mean a police officer did it without having the right or going beyond what they're allowed to do. This might involve: Unlawful Detention: The person must have been stopped from leaving or held in a way that took away their ability to be free. Lack of Legal Justification: The arrest was made without a

7

valid warrant, probable cause, or a situation that urgently needed an arrest without permission. Awareness of Lack of Authority: The person who is doing the arrest, whether they are a police officer or just a regular person, needs to know or should have known that they didn't have the legal power to make the arrest. Wal-Mart Stores, Inc. vs. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002); Sears, Roebuck & Co. vs. Castillo, 693 S.W.2d 374, 375 (Tex. 1985). In a legal sense, ..., Examples of proximate cause are often found in personal injury cases, and other civil lawsuit cases; but this plays an important role in many criminal cases as well. To explore this concept, consider the following proximate cause definition.

Definition of Proximate Cause: Noun. That which causes a negative event, such as an injury. Origin of Proximate, 1590-1600. Latin -  proximatus (near, or approach). What is Proximate Cause: Proximate cause is an act, whether intentional or negligent, that is determined to have caused someone else's damages, injury, or suffering. It is important that courts establish proximate cause in personal injury cases because not everyone nor everything that causes an injury can be held legally liable. Foreseeability of Harm: Even in what may be considered an accident, a party may be held liability if the harm or injury was foreseeable, or a reasonably possible result. This means that proximate cause can be linked if a reasonable person would have foreseen the harmful consequences, and taken action to prevent them. There are other circumstances that may be considered by the court in foreseeability of harm, such as the type of harm, the manner of harm, and the severity of harm.

Causation: Causation is the ability of one variable to affect another; in fact, the first

8

variable may actually cause the second variable to exist. Correlation, which is a relationship or link between two facts, is determined by studies, and comparing statistics. It implies that one thing always, or sometimes, happens when some other thing happens, or is present. Types of Causation: In a legal case, causation is essentially an investigation into whether or not the defendant's actions (or lack of action) caused another person to be harmed or damaged. There are two kinds of causation in cases dealing with criminal liability: factual causation and legal causation.

Criminal Consequences: Official Oppression (Class A Misdemeanor): punishable by up to one year in county jail and a fine of up to $4,000. Texas Penal Code Section 39.03 defines official oppression as a public servant (including law enforcement officers) intentionally subjecting another person to physical force, arrest, detention, or any other action that he or she knows is unlawful. False Imprisonment (Class A or B Misdemeanor or State Jail Felony): It can be a Class A misdemeanor, punishable by up to one year in county jail and a fine of up to $4,000. If certain aggravating factors are present, it can be charged as a Class B misdemeanor or a state jail felony, which carries higher penalties. Depending on the circumstances, false imprisonment charges can vary. False imprisonment occurs when one person intentionally confines another person without their consent and without legal justification. New York State: S 195.00 Official misconduct. A public servant is guilty of official misconduct when, with intent to

obtain a benefit or deprive another person of a benefit: 1. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that

such act

is unauthorized; or 2. He knowingly refrains from performing a duty which is imposed upon

him by law or is clearly inherent in the nature of his office. Official misconduct is a class A misdemeanor. Pennsylvania: CHAPTER 53 ABUSE OF OFFICE, § 5301. Official oppression. A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he: (1)  subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or (2)  denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

## Jurisdiction

This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343. 28 U.S. Code § 1331 - Federal question, The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. (a)The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1). To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; (2). To recover damages from any person who fails to prevent or to aid in preventing any wrongs

10

mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3). To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4). To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

All claims have/had occurred in the United States of America.  To be determined. Diversity jurisdiction is a form of subject-matter jurisdiction that gives United States federal courts the power to hear lawsuits that do not involve a federal question. To be determined. For a federal court to have diversity jurisdiction over a lawsuit, two conditions must be met. First, there must be "diversity of citizenship" between the parties, meaning the plaintiffs must be citizens of different U.S. states than the defendants. Second, the lawsuit's "amount in controversy" must be more than $75,000.

Venue in the United States District Court for the Northern District of New York  is proper pursuant to 28 U.S.C. § 1391.28 U.S. Code § 1391 - Venue generally (a). Applicability of Section.—Except as otherwise provided by law— (1). this section shall govern the venue of all civil actions brought in district courts of the United States; and (2). the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature. ...,   (e) Actions Where Defendant Is Officer or Employee of the United States.—(1). In general.—    A civil action in which a defendant

11

is an officer or employee of the United States or any agency thereof acting in his official

capacity or under color of legal authority, or an agency of the United States, or the United

States, may, except as otherwise provided by law, be brought in any judicial district in

which (A) a defendant in the action resides, (B) a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated, Chenango County, New York or (C) the plaintiff resides

if no real property is involved in the action. Chenango County, New York. Additional

persons may be joined as parties to any such action in accordance with the Federal Rules

of Civil Procedure and with such other venue requirements as would be applicable if the

United States or one of its officers, employees, or agencies were not a party.

   (2) Service.— The summons and complaint in such an action shall be served as

provided by the Federal Rules of Civil Procedure except that the delivery of the summons

and complaint to the officer or agency as required by the rules may be made by certified

mail beyond the territorial limits of the district in which the action is brought.

## REMEDIES

   One of the most significant developments in the field of civil rights litigation has been

the emergence of damages as a remedy for the enforcement of constitutional guarantees.

In 1871, Congress created a cause of action,' now codified in 42 U.S.C. section 1983, to

redress the violation of constitutional rights by persons acting under color of state law.

   Every person who, under color of any statute, ordinance, regulation, custom, or usage,

of any State or Territory, subjects, or causes to be subjected, any citizen of the United

States  or any other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or Immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress. 403 U.S.

388 (1971) (violation of fourth amendment).  In Davis vs. Passman, 99 S. Ct. 2264

(1979), the Court extended Bivens, 403 U.S. 388 (1971), beyond the fourth  amendment

by implying a cause of action and a damages remedy under the equal protection

component of the due process clause of the fifth amendment.  1983 Damage Remedy for

Law Enforcers' Misconduct, 87 YALE L.J. 447, 452 (1978).

### A. Compensatory Damages

Compensatory damages are awarded for the harm caused by the  defendant's violation

of the plaintiff's legal rights.' D. DOBBs, HANDBOOK ON THE LAW OF REMEDIES

§ 3.1 (1973).  Such damages  may be special or general. Special damages are awarded for

past, pecuniary losses arising out of circumstances peculiar to the plaintiff's case. Section

1988 explicitly authorizes the use of common law remedies in § 1983 actions. General

damages, on the other hand, may be awarded for either pecuniary or nonpecuniary losses,

and provide compensation for harm that any plaintiff can be expected to suffer as a result

of the commission of the tort in question.'  General damages for nonpecuniary losses may

be proven or presumed. They are recoverable only upon proof of actual loss when the

sole nonpecuniary harm sustained by the plaintiff is harm to the person, such as pain and

suffering, mental and emotional distress, or humiliation. See H. McGREGOR, supra note

15, at 39-42, 1406-10.17.

13

In contrast, when the substantive cause of action is for harm to other intangible interests, such as reputation..., <u>Wayne</u> vs. <u>Venable</u>, 260 F. 64 (1919), liberty, C. MCCORMICK, supra. note 15, § 107. and privacy, RESTATEMENT (SECOND) OF TORTS § 652(H)(a) (1977). general damages are presumed, although the scope of the presumption varies.

<u>Punitive damages</u> are awarded in addition to compensatory or nominal damages. D. DOBBS, supra note 14, § 3.9; C. McCoRMICK, supra note 15, § 77. Proof of a highly culpable state of mind is necessary to support an award of punitive damages D. DOBBS, supra note 14, § 3.9; C. MCCORMICK, supra note 15, § 81. and the amount of the award is dependent upon the defendant's financial circumstances. Punitive damages primarily serve penal and deterrent functions. Id.; C. MCCORMICK, supra note 15, § 77. The elements of a crime should be legal in nature (must be in law), Actus Reus (human conduct-voluntary act, possession, and omission.), causation (human conduct must cause harm), harm (to some other/thing), concurrence (state of mind-18 U.S.C. § 1028-Culpable mental state; definition of intentionally, knowingly, recklessly- and human conduct), Mens rea (state of mind and guilty-purpose (same as intent), knowledge, recklessness and negligence), and Punishment. In all cases presented all the defendants had the required Actus Reus and Mens rea.

In addition, when <u>punitive damages</u> are awarded in conjunction with general compensatory or nominal damages, they also perform a vindicatory function. C. McCoRMICK, supra. note 15, § 23; RESTATEMENT (SECOND) OF TORTS § 901(d), Comment c (1979). Finally, insofar as punitive damages provide an incentive for an

aggrieved citizen to act as a private attorney general, they perform a law enforcement or "bounty" function. D. DOBBS, supra note 14, § 3.9; C. MCCORMICK, supra note 15, § 77.

Parties

1.) This complaint is based on allegations prepared by the plaintiff, Robert E. MacLaren, Pro Se, residing at 3016 State Highway 7, Bainbridge, Chenango County, New York. A resident of Chenango County since 2010-2024. A resident in 1999. He was born an American citizen in Chenango County, Greene, New York 13778, individual male, Licensed to practice law in Pennsylvania, on inactive status. Unemployed construction lawyer. His mental disability recently removed on Sepetmber 1, 2022.

42 U.S.C. § 1983--Against All Defendants, Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein. To all defendants at all times relevant to this action were acting under color of state law. In all claims. Active on duty uniformed officers of the law in police vehicles for the state, county, and city.

FIRST CLAIM

1.) Case Number 1. Facts. 42 U.S.C. § 1983--Against All Defendants. West Pittston Police Officer David Smith, 555 Exeter Avenue, West Pittston, Pennsylvania 18643. (Samuel M. Sanguedolce), District Attorney, District Attorney's Office, Prosecutor David W. Lupas(?) 200 North River Street, Wilkes Barre, Pennsylvania 18711. Telephone: 570-825-1674 or 570-825-1675, Facsimile: 570-825-1572. TR-0002103-04 citation -01204099-1. Arrested on 02/15/05 Using High beam. Not using low beam. At

around 8:00 p.m. At 22 Exeter and Wyoming Avenue. The driver (Smith) 1.) was running a stop sign and stop line at Exeter and Wyoming Avenue, 2.) his headlights were off in the dark, 3.) he was not using his right turn signals at night in the dark, 4.) he entered into the wrong lane of traffic (mine) over double solid yellow lines at the intersection to Exeter street, 5.) He was sucking down his large soft drink cup with a straw while was driving with no hands. He was buzzing from all the caffeine. He was high on his speed. The caffeine was his stimulant. A derivative of cocaine. 6.) Nobody was behind him or in front of him while he was driving. Nobody was around me to witness the even crimes. I did not hav emy camera on. Caffeine dependence was his "caffeine-use disorder". His caffeine intoxication. His dependency. Caffeine is "habit-forming" and "deleterious" substance. He was in a fit of rage he got caught driving recklessly. He was reckless because he did not want to spill his soft drink and wanted to get high drinking it all. He was driving dangerously. Lives were at stake on the road. I started flashing it on and off a couple of times when he approached me in self defense. He was conducting his official duties as a law enforcement officer driving a government police vehicle. Wearing a police uniform with a badge and gun. Breaking the law. I started flashing my high beams on and off in alarm to his criminal behavior a couple of times when he approached me. I could not tell who it was until he passed me I saw his police marked car. I had pulled over onto private property in a driveway and turned my lights and engine off out of his sight in fear he would retaliate against me in a fit of rage. He did. I saw him in my rear view side mirror doing a u-turn down the road.

Even when he got out of his crusier he had to take another hard suck on his straw of

16

sod caffiene. One last hit of speed before he approached me. I was coming back from a trip to Harrisburg on my way home alone in my car to Lackawanna county. It is lawful in Pennsylavnia to flash your high beams at oncoming vehicles to warn them of (their) dangers.

The signal is sometimes referred to in car manufacturers' manuals as an optical horn, since it draws the attention of other drivers. The signal is intended to convey a warning to other drivers of road hazards. Whether the harm or damage would have occurred but for the defendant's actions. If the answer is no, then the defendant's actions can be said to be a factual cause of the harm or damage, and he can be held liable. Legal causation is concerned with establishing whether the defendant's actions or omissions were a legal cause of the harm or damage suffered by the victim. It requires that the harm or damage must result from a culpable act or omission on the part of the defendant, and that the defendant's actions were not too remote and were more than a minimal cause of the harm or damage suffered by the victim. I appealed to judge Carmody. West Pittston Magistrate Court, 555 Exeter Avenue, West Pittston, Pennsylvania, 18643, Telephone: 570-655-0177.

He denied it affirming  the conviction that the dirty cop can do whatever he wants to do on the road without sirens, no flashing lights, no head lights, no turn signals  on at night in the dark, running stop signs and stop lines, driving on the wrong side of the road while drinking his soft drink to get high. It was a bromance between the two. A gay moment of theirs. Corrupting the truth and justice system of law. So the two could party

17

together.

To get the drugs through. He lied by ommisssion of facts at trial. The judge was saying he can harass innocent people who are good safe drivers. Then he told me at trial he got promoted to captain for arresting me. Just to abuse me. He deliberately fabricated evidence against me and continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in his investigative reports. The defendant lacked probable cause and reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government.

The defendant acted under color of state law; and the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury. One million dollars in damages.

## SECOND CLAIM

2.)   Case Number 2. Facts. 42 U.S.C. § 1983--Against All Defendants Clark Summit Police Officer Patrick J. McGurrin, 304 South State Street, Clarks Summit, Pennsylvania 10411. Telephone: (570) 587-3026. Arresting Agency PSP Dunmore. The Scranton

District Attorney Barrase, County District Attorney's Office, Prosecutor Benge or (alias) John/Jane Doe, Office of the District Attorney 135 Jefferson Avenue, Scranton, Pennsylvania 18503. Telephone: (570) 963-6717. Arrested on 06/20/2005 at the Clarks Summit Abington Community Library, 1200 West Grove Street. Clarks Summit, Pennsylvania 18411. Telephone: (570) 587-3440. I was working on a computer when two clarks summit police officers came into the library. Saw me and pointed to me to come outside. Where they put me in handcuffs in the foyer and took me to the Pennsylvania State Police, 85 Keystone Industrial Park Road, Dunmore, Pennsylvania 18512. Telephone: (570) 963-3156. Locking me in county jail for over thirty days. Released on my own recognizant. Court effective charging date 04/18/04. Court of Common Pleas of Lackawanna County Criminal Division Case Number: 06 CR 2582, 2583, Division Case Number: 06 CR 2582, 2583, 2584, 2586, 2594, 2599, 2600, 2601, 2604, 2606, 2607, 2608, and 2609. Lackawanna County Criminal Office, 200 North Washington Avenue, Scranton, Pennsylvania 18503, telephone: (570) 963-6759. The district attorney abandoned the case for eight months ignoring the right to a speedy trial.

The orignal arrest was for following procedure in filing a suspected criminal complaint with the District Attorney's office. According to there website if you suspect a crime has or is about to be committed. They will decide. I filed a couple of complaints against two separate individuals alleging harassment of some girl I had known briefly. I was renting a room from a lady in Factoryville Pennsylvania. In retribution and retaliation for an unknown reason they arrested me on these trumped up charges in a fit of rage for drugs. He deliberately fabricated evidence against me and continued his criminal

investigation despite knowing that plaintiff was innocent. Plaintiff alleges that defendant deliberately mischaracterized witness statements in his investigative reports. Before Judge Vito P. Geroulo. It was a forty five day extradition ruled order. It was executed on me on May 30, 2006 when I was arrested and incarcerated in the montgomery county texas jail after moving there to find a job. While transfering my drivers license after living there for thirty days. I was never released nor given a public defender for one hundred and eighty days. I sat in the county jail rotting away. They knew they did not have a criminal case on me. So they violated the law. Intentionally to harass me.

It was all conjecture done in a fit of rage for drugs with no legitimate evidence. It was the result of blatant negligence and a failure to prioritize safety. The defendant lacked probable cause and reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge. Dirty cops always call the district attorney (Barasse) before an arrest to get their approval and or the judge. That is there conspiracy. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. They deliberately fabricated evidence against him and continued there criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in there investigative reports. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government with his police partner.

The defendant acted under color of state law; and the [act[s]] [failure to act] of the

20

defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and  The defendant's conduct was an actual cause of the claimed injury. Four million dollars in damages.

THIRD CLAIM

3.) Cause Number 06-218614 False application on a drivers license/Pennsylvania Scranton Extradition Warrant. Arrested by Texas Public Safety Trooper L. Adame. Conroe Texas  Highway Patrol Office, #2 Hilbig, Conroe, Texas 77301. Telephone: (936) 442-2838. Montgomery County District Attorney's Office (Brett Ligon) Prosecutor Assistant District Attorney Greg ____ (alias John Doe) and F. Madden dismissed, 207 W. Phillips, 2nd Floor, Conroe, Texas 77301, Telephone: (936)-539-7800.
DA.Info@mctx.org. The plaintiff was in the county jail on (arrested)  May 31, 2006 to November 24, 2006. The defendant in that case was released from custody after the extradition warrant charge was dismissed. With the out of state criminal charges. If the plaintifff was forced to sign an agreement to never live and work in Pennsylvania ever again. Then they will release me from jail otherwise they will keep me there for years without a lawyer. He deliberately fabricated evidence against him and continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in his investigative reports. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. The false application was dismissed 07/14/06 about  the maximum forty five days in  the jail without a public defender provided. His personal property (car and possession

21

in it) was not returned to him.

A 2002 Gold Ford Focus LX Four Door Sedan with Pennsylvania License plate EXC-4314 he owned. Adame kept harassing the plaintiff about whether he owned his own vehicle. I told him, yes, it was bought and paid for by the plaintiff from money he saved while working part time for Stephen G. Bresset & Associates in Honesdale Pennsylvania on 606 Church Street. April/May 2002 - October 2003.  I told him twice until he wanted to hear something else to stop bothring me about my onwership. Insured. He lied saying I told him I did not own it. Either he was totally deaf or he could not undertsand english. He appeared to be american not of mexican descent. My car was taken by Milstead Towing Company of Conroe Texas,  24/7 Towing & Assistance, 29707 West Hawthorne Drive, Spring, Texas 77386. Telephone: (281) 363-7600 and auctioned off while plaintiff was in the county jail. I did not know a sole in texas let alone anybody in jail. I asked around and  nobody would help me get my car while I was still in jail. They have refused to return it or replace it. Thinking it is funny to steal  property from others.  I had driven to texas to try and find an oil and gas job. I could not find a construction law job. The Scranton District Attorney Barrase, County District Attorney's Office, Office of the District Attorney 135 Jefferson Avenue, Scranton, Pennsylvania 18503. Telephone:  (570) 963-6717 did not bring me to a speedy trial. The Sixth Amendment to the U.S. Constitution. The federal Speedy Trial Act and state laws provide some guidance on when the right may be violated. There was no good cause for a delay from me. A violation of the speedy trial rule means that any conviction and sentence must be wiped out, and the charges must be dismissed if the case has not reached trial.

22

After living in my car for eight months I thought he had abandoned the case. I had lived a month is texas before I had change my drivers license to that state. In the mail I got notice of a court appearance in Scranton. I mailed them I would return at the beginning of the month when I get my disability check. Scranton District attorney Barasse issued a arrest warrant out against me. When I went to transfer my drivers license they arrested me on the warrant out in my car in the parking lot. I repeatedly told the arresting officer the car belonged to me. It was paid for. I was exhausted on how many ways I could tell him I owned my car.

He took me to the county jail for six months. Without a lawyer. Forty five days later the license charge was dismised for being unable to prove beyond a reasonable doubt. They left me in their for five months without a local defense lawyer. They said they only way I was getting out of jail was to sign an agreement to never return to Pennsylvania again. So I did. Not admitting guilt. It is not against the law in Scranton to file a criminal complaint against somebody that you think had cimitted a crime. You let the district attorneys office decide if it is or is not. They turned it on me and arrested me under thrity four criminal charges (13 Felonies, misdemeanors, and violations) Off from their website. Trooper Adame knew he did not have a case for an application violation. Either directly with the district attorney and/or on his own. He thought it would be cool to put me in jail for forty five days without an appointed defense counsel for the state of texas and Pennsylvaia. Long live the south he believes. It shall rise again with slavery he was thinking.

The defendant lacked probable cause and reasonable articulable suspicion a crime was

committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. They deliberately fabricated evidence against him and continued there criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in there investigative reports. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government with his police partners.

The defendant acted under color of state law; and the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury. Two million dollars in damages.

## FOURTH CLAIM

4.) Case Number 4. Facts. 42 U.S.C. § 1983--Against All Defendants. Social Secuirty Administration, Jane Doe (alias), Address: 600 Sargeant Edward Holcomb Boulevard North, Conroe, Texas 77304. Telephone: (866) 614-0032, Facsimile: (833) 902-2572. April 12, 2006 to May 10, 2008. Did stop my social security disabilty payments while I was in the montgomery county jail starting about June 8, 2006. Plaintiff was released on 11/24/2006 from the county jail. He reapplied for these payments to start again. They refused. Continuously without explanation until August 8, 2008. Leaving the plaintiff

24

homeless and living on the streets with no disability income and only some food stamps. I would walk to the Conroe job center and apply for jobs. Not getting any. Worksource Solutions, General Employment Placement, 2018 Interstate 45 North, Conroe, Texas 77301. Telephone: (936) 441-0037. The defendant lacked probably cause and plausible reasonable articulable suspicion a violation was committed or about to be. They ceased payments because I was disabled. Small and weak.

I had no job, no income, and no place to live. Plaintiff made repeated attempts and appeals to get his disability payments back without any success. To get supported hosuing Originally at 1414 Congress Street Houston at the New Hope Housing Congress. I had visted and inspected a room for my scoial security benefits. Even an appeal down in Houston Texas. Administrative Law Judge William B. Howard, Office of Disability, Adjudication and Review, GTML Building, 119 Smith, Suite 500, Hosuton, Texas 77002. Office of Hearings Operations - SSA, Social security office, 4015 Aldine Bender Rd, Houston, Texas 77032, Telephone: (800) 772-1213. I was scheduled to appear on May 10, 2008 at 10:45 a.m. There are only two public transportation buses out of Conroe. One around 7:00 a.m. from the Bus stop on-336 Loop South, Conroe, TX 77304. I had to sleep homeless in the streets to get the bus the next morning. It arrived early at the social security office. When they opened I went in and sat for three hours in the lobby waiting for my case to be called. A cop came out and said the computers were down and no cases will be called until they are up. I waited all afternoon until around 3:30 p.m. when I left without my case beign called. It was the only and last bus back to Conroe at 4:00 p.m. . The cop, Harris County deputy sheriff Steve Cranston, Harris County Sheriff's Office,

25

Law Enforcement, 1201 Franklin St, #1058, Houston, TX 77002 . Telephone: (713) 755-6026. The Courts Division of Harris County s Sheriff s Office is responsible for the security of more than 80 courts in four.

He came out the entrance door and told me to come in. I told him I cannot miss my last bus home. I am homeless living on the streets with no other way home and no where to. He lied and they lied saying I never showed up. I did I was there all day sitting on the bench next to the court room doors. He thought I should sleep on the streets there in Houston. Hima dn the judge thought that would be cool. Dangerous but cool. He deliberately fabricated evidence against him and continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in his investigative reports. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. He was wearing a police uniform, badge, gun, and radio, conducting his official duties while on the payroll of the government.

The defendant acted under color of state law; and the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury. One million dollars in damages.

### FIFTH CLAIM

5.) Case Number 6. Facts. 42 U.S.C. § 1983--Against All Defendants. Law

Enforcement Officer (Leo) J. McGallicher, Sam Houston National Forest, USDA, On 07/2007. Address: 394 FM 1375 West, New Waverly, Texas 77358. Telephone: (936) 344-6205. Leo (alias) stole plaintiffs hunting knife. Hunting Knife theft. Lying to plaintiff he found it. I was walking down a public road back to my ground campsite at 234 Equestrian Trailhead in the Sam Houston National forest. I walked there from Conroer a couple of weeks earlier to get away from my homelessness in Conroe. I would walk down to New Waverly to the public library once or twice. An owner of a recreational vehicle saw me, a homeless man, walking down a public street past their vehicle. At the Cagle Recreation Area I believe. They reported it to McGallicher. He thought it would be funny for him to abuse me. He said because it was hundred thousand dollar vehicle. He can do whatever he wants to me and nobody is going to believe a homeless man with a back pack of cloths and a hunting knife.

When the officer asked me back at the helicopter landing site (FM (farmers market) 234 Equestrian Trailhead, New Waverly Texas 77358) area if I had a weapon. Where he confronted me. I said yes. No guns. I found this hunting knife two days ago lost and found it (stuck) in a tree near my campsite. He lied saying he found it in the tree. I gave it to him from my back pack because he demanded it. Thinking it was illegal to own a hunting knife in the national forest. He just wanted to steal it from me. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government. It is not illegal to own a hunting knife in Texas. McGallicher took the knife and never returned it and destroyed it. Thinking it belonged to him so he can do what ever he wants to do with it for no reason at all. No homeless unemployed disabled yankee man is going to stop him or do anything about it.

27

He thought nobody is going to believe me over him. He as a dirty cop. Not replacing it.
He wanted to teach me a lesson about being a yankee and doing it for Scranton
Pennsylvania.

I have been trying for years to get it replaced through different contacts at the USDA.
All of them in complicty with McGallicher's theft. Because he lied to DAVID L,
FERRELL, Director Law Enforcement and Investigation, Forest Service, 1400
Independence Aveue, S.W., Washignton, D.C. 20250. Telephone: (404) 347-4427.
Agents in Charge: Steve Ruppert, Kurt E. Morine at (414) 297-1203, Mary V. King.
6268 Wisconsin Avenue, Milwaukee, WI 53202, Eastern Region, Law Enforcement and
Investigations, (414) 297-3353. Fax (414) 944-3917. The defendant lacked probable
cause and reasonable articulable suspicion a crime was committed or about to be. In a
conspiracy with the prosecutor over the telephone at the time of arrest or upon submission
to the local judge. The defendant's conduct is an actual cause of a plaintiff's injury only if
the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient
connection to the result. He deliberately fabricated evidence against me and continued
there criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged
that defendant deliberately mischaracterized witness statements in there investigative
reports. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle
conducting his official duties while on the payroll of the government. They were all
dumb enough to believe him. They have never replaced the knife Leo stole from me.
After repeated emails and letters to Washington.

The defendant acted under color of state law; and the [act[s]] [failure to act] of the

28

defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury. One million dollars in damages

### SIXTH CLAIM

6.) Assault, Falsely arrested by Conroe police officer Mr. J. Waller on Simonton Street just outside of the parks entrance on 12/10/07 in the evening, 700 Old Montgomery Road, Conroe, Texas 77301. Telephone: (936) 756-5588. Incarcerated in the county jail. Released by district attorney dismissing charge for lack of evidence. Montgomery County District Attorney's Office (Brett Ligon), prosecutor alias John/Jane Doe, 207 West Phillips, 2nd Floor, Conroe, Texas 77301, Telephone: (936)-539-7800. DA.Info@mctx.org. While I was homeless. I would use the bathroom at heritage place (park), 500 Collins Street, Conroe, Texas 77301. Occassionally I would sleep there and use the lawn sprinklers in the back for a weekly shower in my trunks. until the the cops said no. Across from the Simonton Street parking garage (111 West Davis Street) where I slept by necessity. A small wooded lot on Newton Street on a cot I found untit the owner found me six months later and asked me to leave. A county employee for the Conroe Parks and Recreation Department, Address: 1504 Parkwood West, Conroe, Texas 77301, Telephone: (936) 522-3534, stole the plaintiffs back pack with my clothes in it while I was in the bathroom one early evening at heritage place park. I had placed it on top of a trash can outside the bathroom next to the pavilion. I went to the bathroom inside the restroom in the park.

When I walked out I saw a guy taking my back pack off the top of the trash can. I

29

never saw him before in my life. He was walking away with it. I yelled at him. It was

mine. About three times. While I walking towards him. It had everything I owned in it. A

change of clothes. He refused to give it me. I kept repeating myself to him. "I left it on the

trash can to go to the bathroom". Please give it back. He reluctantly handed it back to me.

This city park employee called 911 lying to them that I had assaulted him becasue I was

homeless. He knew he could get away with it just saying I was homeless to the dispatcher

and the cop (Waller) that showed up. The arresting cop knew he could get away with it

because I was homeless. I was walking down the street one hundred feet away. The

prosecutor would conspire with him.

A very quick response time I might add. When the cop car pulled over and stopped me

on the public sidewalk. Putting me in hand cuffs for alleged assault. While in hand cuffs

he thought it would be cool and punched me in the nose. He knew I could not defend

myself because I was in handcuffs. He knew the district attorney and judge would take his

side to be in complicity. They thought it was funny to arrest a homeless man who was

just minding his own business gogin to the bathroom The plaintiff was from out of state,

homeless, been in the county jail a few times, Nobody to defend him No witnesses.

Helping the city park employee put a homeless man behind bars on a lie. The cop knew

there was no assault. There was no visible or invisible injury to the city employee unless

he did it to himself. No ambulance was needed or called. No doctor called. No nurse. No

medical assitance from the dirty cop. He deliberately fabricated evidence against him and

continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff

alleged that defendant deliberately mischaracterized witness statements in his

30

investigative reports. The defendant lacked probable cause and reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government. He giggled and laughed at it. The defendant acted under color of state law; and the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury. One million dollars in damages.

## SEVENTH CLAIM

7.) Cause Number 08-240586-04 Trespass. On April 2008 the plaintiff was in the county jail after being arrested by conroe police officer (alias John Doe). Conroe Texas Police, 700 Old Montgomery Road, Conroe, Texas 77301. Telephone: (936) 756-5588. Montgomery County District Attorney's Office (Brett Ligon) Prosecutor T. Pultan, 207 W. Phillips, 2nd Floor, Conroe, Texas 77301, Telephone: (936)-539-7800. DA.Info@mctx.org. He was released from custody on or around May 2008. He was falsely arrested for trespassing at the public library in Conroe. Montgomery County Memorial Library System - Central Library, 104 Interstate 45 North, Conroe, Texas 77301, (936) 539-7814.

31

One employee continuously would kick the defendant every time he was in the library to use the computer. About six or more occasions. The defendant complained about it. The staff employee said there was nothing she could do about it. They like to kick homeless people for the fun of it. I was working on a computer when the lady librarian came into the room and said I was done. I said I needed to close my accounts. She had me evicted me. I came back the next night and talked to another librarian man. Trying to work it all out. I had no other shelter during the day. Gregory, the library empolyee, lied to the defendant causing the false arrest of him. Saying he would investigate with the administration. He said he will go work it out with her. He had called the cops. Lying to me. They showed up and arrested me. The cop knew I was not trespassing. He arrested me anyways because he thought it was funny him being high on speed. The man, Gregory, had lied to him and he believed it along with the dispatcher believing it. The Plaintiff sat in jail for about two months on a trespass charge. Denied reasonable bail.

My public defender attorney, Robert Bartlett, 402 West Phillips Street, Conroe, Texas 77301. Telephone Number (936) 756-7144   Repeatedly pressured him to plead guilty while refusing to look at evidence showing his innocence. Only near the day a jury was being selected did the lawyer think of an investigator at the scene of the alleged crime. The plaintiff was attacked by an inmate and assaulted by him in the same pod/unit. For no known reason. He had thrown a large wadded up newspaper wetted down acroiss the pod. Hitting plaintiff in the right shoulder causing a very large black and blue contusion. I showed to the corrections officer. I requested a transfer to the same corrections officer for my own safety. I was denied. He thought I should be assaulted and

die in the county jail. I changed his plea from not guilty to guilty because of inmate assault for his own protection.

He deliberately fabricated evidence against him and continued his criminal investigation despite knowing that the plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in his investigative reports. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. The defendant lacked probable cause and reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government. The defendant acted under color of state law; and the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury of a constitutional right. One million dollars in damages.

## EIGHTH CLAIM

8.) Cause Number _____ Simple Assault. The plaintiff was in custody and released pending trial. Arrested on 11/12/2008 by Montgomery County Sheriff's Deputy Audrey Terrell. Montgomery County Sheriff's Office and Jail, Correctional Institution, Law Enforcement, 1 Criminal Justice Drive, Conroe, Texas 77301. Telephone: (936)

760-5800. Montgomery County District Attorney's Office (Brett Ligon), Prosceutor John/Jane Doe alias. 207 W. Phillips, 2nd Floor, Conroe, Texas 77301, Telephone: (936)-539-7800. DA.Info@mctx.org. The case was dismissed by the district attorney on 10/14/2009 in the municipal court. His personal property was not returned. A back pack full of clothes. Family Assault Precinct 2 Conroe, Texas. Case dismissed. Around $200 dollars was taken and never returned to me from my residence rent with Kimberly I. Rudolph from renting a room in her trailer in the county. After my hernia operation and my inablity to work labor again while healing. I would go to church panties to get any food I could find. Miss Rudolph orinigally from Pennyslvania saw me and heard my story at the food pantry and took me in to live with her. She was living with her adopted son in his trailer around Conroe. She let me sleep in her van parked in her parking lot. The second time after an arrest. She let me sleep in her own trailer she got in the county in the spare bedroom. I paid three hundred dollars a month. She bought it with retirement fund from her deceased husband I had consulted her on to ask for it earlier than normal. Because her fostered son was going to evict her into the streets.

One afternoon she came in and began yelling at me and  slapping the back of my hand three times that she did not want me to use her computer and look at pornography. I tapped the back of her hand after her repeated hits to mine. She called 911. Two deputys showed up. I explained to Terrell that she had hit me first a three of times. I thought it would escalate so I tapped her hand back. She knew I was telling the truth. She said she did not care. You let a woman assault you in this county. You have no right to self defense against a lady (45 year old woman). I do not care if she kills you. You do not hit

34

her back. This arrest is for women and texas. She knew it was a false arrest. She did not

care about my safety. She knew the district attorney would dismiss it. She knew I was

unemployed and basically homeless from out of state. She did it for women of america. I

had to appear at a municpal court where the justice postponed it for a year to atagonize

me for being homeless. Nobody cares about homeless people having civil rights. Texas is

Billy The Kid country to them. Cartel land. The district attorney thought it was cool, to

harass me for about a year to see if I would admit to something I did not do. They thought

being corrupt was funny. Because nobody was going to stop them for being corrupt. Drug

addicted. She deliberately fabricated evidence against me and continued her criminal

investigation despite knowing that plaintiff was innocent.

Plaintiff alleged that defendant deliberately mischaracterized witness statements in his

investigative reports. The defendant's conduct is an actual cause of a plaintiff's injury

only if the injury would not have occurred 'but for' that conduct, and the conduct has a

sufficient connection to the result. The defendant lacked probable cause and reasonable

articulable suspicion a crime was committed or about to be. In a conspiracy with the

prosecutor over the telephone at the time of arrest or upon submission to the local judge.

She was wearing a police uniform, badge, gun, and radio, driving a police vehicle

conducting his official duties while on the payroll of the government with his police

deputy guy partner in another cruiser. The defendant acted under color of state law; and

the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under

[the laws of the United States] [the United States Constitution] as explained in later

instructions; and The defendant's conduct was an actual cause of the claimed injury of a

constitutional right. One million dollars in damages.

## NINTH CLAIM

9.) Case 1. Facts. Cause number 09-03-02574-CR Assaulting a Public Servant.
Arrested on 02/10/2009 by Conroe Texas Police Officer A. Bell. 700 Old Montgomery
Road, Conroe, Texas 77301. Telephone: (936) 756-5588. Montgomery County District
Attorney's Office, Assistant District Attorney Darla Faulkner (Brett Ligon District
attorney), 207 W. Phillips, 2nd Floor, Conroe, Texas 77301, Telephone: (936)-539-7800.
DA.Info@mctx.org. The defendant was acquitted by jury of the offense on February 23,
2010. He was released from the county jail after six months of detention. Bail period was
fourteen days. I was in jail for forty four days before a hearing without counsel. Plaintiffs
property was not returned to him. Three duffle bags with my clothes in them in the
Montgomery County parking garage.

On the day in question a sheriffs deputy (Conroe police) told the plaintiff the judge
said he could not live under the concrete staircase in the public parking garage just
because he was made homeless by them and had no the place to sleep. The plaintiff went
to the judges office to discuss where he could sleep. Montgomery County Courthouse,
Michael T. Seiler (Retired?) 301 North Main Street, Conroe, Texas 77301. (936)
756-0571. He was falsely arrested back in 2006 by them. His car was taken and auctioned
off. When released from the county jail. He took shelter at the salvation army center in
Conroe. He got a non-union labor job doing construction work at the union hall to pay for
his stay. Within a couple of months he got a hernia because of the job. The company

36

would only pay his medical operation expense not his workers compensation. With no disability payments and no section 8 housing he went to the judge for advice. Because he was evicted for not making payments. Plaintiff lived in two parks and the garage. Sometimes the Montgomery county parking garage. Sleeping on cardboard and benches. he had only two dollars to his name. To avoid the copperhead snakes, brown recluse spiders, scorpions, alligators, and fire ants. Lunches at the salvation army center on Avenue E at South First street. and church dinner (First Baptist Church Conroe) on Wednesday nights. Sometimes Lewis Park on Park Place.

The judge Seiler threw him out of his office. I was in the outer office leaving when A. Bell the conroe city cop showed up to escort me out. He knew I was leaving on my own. When he got me in the hall. He threw me up against the wall for no reason. Face first forcing my head into the wall. Trying to knock me out. Then kneed me in the groin/balls from the back. He knew that would hurt. Then he threw me down on the marble floor hitting my head hard. Nearly knocking me out. I knew he was not there to arrest me or escort me out. I did not resist arrest at any time. He just wanted to assault me in a fit of rage for the judge and the cartel he was working part time for.

The security camera had a video of it which was used at trial by my public defense counsel Jeremy Dishongh. The district attorney thought it would be cool to charge me not the officer for assault. I was acquited by jury. A. Bell tried to jump me while I was on my back on the floor he had thrown me down in the hallway. He was down at my feet apparently he had slipped throwing me down. I looked up in a daze. Seeing him leap on me with his fists enraged to continue assaulting me. I tried to back up on the floor with

37

my legs the best I could. Then he arrested me telling to turn over and he put handcuffs on me. He deliberately fabricated evidence against him and continued his criminal investigation despite knowing that plaintiff was innocent.

Plaintiff alleged that defendant deliberately mischaracterized witness statements in his investigative reports. He cried to to the district attorney. If he did not prosecute him he could not keep working for the cartel and the city police. The district attorney saw the video of him assaulting me and brought the charges anyways. Being reckless. I was defending myself. The defendant lacked probably cause and reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. The defendant lacked probable cause and reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of the arrest or upon submission to the local judge. The defendant acted under color of state law; and the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury of a constitutional right. Three million dollars in damages.

## TENTH CLAIM

10.) Case Number.**6**. Facts. 42 U.S.C. § 1983- Against All Defendants. Walker

County Texas Sheriffs Deputy Sargeant John Scheiner, 717 FM 2821 Road West, Huntsville, Texas 77320. Telephone: (936) 435-2400, Facsimile: (936) 435-2440. He made a false arrest against the plaintiff for public intoxication on September 10, 2008. False imprisonment for twenty days in the county jail. Case dismissed in the interest of justice. Trial Court Number 25493. Justice Court Number 408-90290  004435. New Waverly Texas. Criminal Case Number 408-90290004435. John Doe (alias) Will Durham, Criminal District Attorney, Prosecutor (alias Jane Doe 1/Jane Doe2) 1036 11th Street, Huntsville, Texas 77340. Telephone: (936) 435-2441. Facsimile: (936) 435-2449. Justice refuses to release prosecutors name. He deliberately fabricated evidence against him and continued his criminal investigation despite knowing that plaintiff was innocent.

I want to file a complaint against the arresting officer and prosecuting attorney(s) in this case for a false report, false arrest, and false imprisonment for twenty one days for public intoxication to harass me and obstruct justice. I was walking from New Waverly in the afternoon on Route 1375 West toward the Sam Houtson National Forest Service Road 234, New Waverly, Texas 77358. I was sleeping in the parking lot of the Sam Houston National Forest Equestrian Parking Lot on route 234. I had stopped at the local liquor store and bought a bottle of wine. It was placed in a brown paper bag which covered the top of the bottle. In my sealed (zipped) back pack on my back. Within a mile from that road junction leaving New Waverly there was a pull off parking area in the woods on the north side of Route 1375. I walked over there. I opened the bottle of wine and had a drink of it. About four to five ounces. I put the top of the bottle back on it and covered up the top with the brown paper bag so it would not be exposed in public because

39

I was walking. I stored it inside my back pack on my back while walking.

I started walking back to the Sam Houston National Forest Equestrian Parking Lot on Route 234. Walking on the south side of the road facing traffic. The arresting county deputy drove past me then made a fast turn around. Jumped out of his county car and stopped me. He ran up to me. He began yelling he "I got you." I did not understand a word he was talking about. He told me to empty my back pack. He then grabbed my cheap wine bottle in the brown paper bag that was completely wrapped. Out of my hand. After he told me to take it out of my back pack. How he knew it was there is beyond me. He arrested me on a public intoxication chrage and put me in the walker county jail for twenty one days just to harass and annoy with the intent to obstruct justice and abuse the process with the prosecuting attorney(s) aiding and abetting him in this type of obstruction. He never tested me for the alcohol amount in my system.

It was just road rage and prosecutor rage. A reckless act done with the intent to take my life. With the prosecutor(s) aiding him. Keeping me in the county jail for twenty one days then releasing me for lack of evidence. He deliberately fabricated evidence against him and continued his criminal investigation despite knowing that plaintiff was innocent. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. The defendant lacked probable cause and reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of the arrest or upon submission to the local judge. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge.

He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government. The defendant acted under color of state law; and the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury of a constitutional right. One million dollars in damages.

## ELEVENTH CLAIM

11.) Cause Number 10-25558 Harassment. Alleged by three 911 dispatchers (Tammy Hardage, Yolanda Tyron, and Kristi Ogeltree). The plaintiff was falesly arrested 01/06/10 by conroe police officer      . Conroe Texas Police, 700 Old Montgomery Road, Conroe, Texas 77301. Telephone: (936) 756-5588. Montgomery County District Attorney's Office (Brett Ligon), Assistant District Attorney Mary B_____ (Jane Doe alias) 207 W. Phillips, 2nd Floor, Conroe, Texas 77301, Telephone: (936)-539-7800.

DA.Info@mctx.org. At the Conroe Motel 6. I just learned I could saty there and use my disablity money to pay rent I could afford. It gave me shelter and got me off the streets. I was released from the county jail on 01/29/2010. The criminal charge was dismissed by Assistant District Attorney Coleman, they could not prove it beyond a reasonable doubt. They had three dispatchers high on drugs making a false police report. They deliberately fabricated evidence against me and continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleges that defendant deliberately mischaracterized witness statements in his investigative reports. They had to listen to the 911 recording

41

before and after the arrest.

Plaintiffs property was not returned. A duffle bag and sleeping bag from the Conroe Motel 6 on Interstate 45, 820 Interstate 45 South, Conroe, TX 77304. I had walked down three miles to the Krogers grocery store for some food to take back to my room. At 341 S Loop 336 West, Conroe, Texas 77304. A three mile walk along interestate 45. A very dangerous road to be walking on the cops told me. I bought some food with my food stamps. I walked back to my room. When I got there I saw my two cans of raviloi were not in my bag. I had paid for them. It was on my reciept. The clerk packing my grocery bags had lifted (stole) them while packing my bags and me not watching him. I was watching the cashier ring up my order. He hid them aside out of my sight when I was not looking.

The store refused to refund or return them to me. I called 911 once to report the theft from my room. I had gotten my disabilty payments back. I had worked out a price to stay at the motel 6. I had to walk. I told the cops everything. They knew it. They just did not care what happened to me. They believed this false arrest was for fun. Giggling and laughing about it. They knew if I got a public defender they would have listen to the 911 tape recording of my innocence. The district attorney knew to. The judge or jury would not convict. It was a chance for them to falsley arrest a homeless perosn and put him into the county jail for the fun of it. There was no evidence. Just a complete fabrication from the three dispatchers high on drugs. The cops knew the complainants were lying. If they wanted to party with them they would make a false arrest. He listened to the 911 recording making a report of a theft. They all knew I was from out of state and homeless

42

from my voice. I was not a drug dealer or user. I did not sound texan or mexican. The state of texas used to be part of Mexico until independence at the battle San Jacinto under General Houston. He was not reelected as president of texas a third time because he was supporting the north in the civil war.

The defendant lacked probable cause and reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government with his police partner in his own cruiser. The defendant acted under color of state law; and the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury. One million dollars in damages.

## TWELFTH CLAIM

12.) Case Number 3. Facts. 42 U.S.C. § 1983--Against All Defendants. Utica Police Officer Dennis Easle. Utica College assault. Utica Police Department, 413 Oriskany Street West, Utica, New York 13502. Telephone: (315) 735-3301, Facsimile: (315) 223-3469. Todd Carville, Oneida County District Attorney, Telephone: (315) 798-5766 and (315) 798-5582, tcarville@oneidacountyny.gov. At 235 Elizabeth Street, Utica, New

York 13501. 1600 Burstone Rd (Utica University). Utica Goldstein, Charles M. PO, reporting officer. Saturday, 10/11/2014 at 4: 18 p.m. Assigned with Utica PO Goldstein. Spoke with the caller, Robert MaClaren, who stated "Ralph strumolo hit his car with a car door while parked in the Utica college B lot'. Observed. MaClaren appeared intoxicated and both parties were advised to refrain from further contact'. Entered bv Utica PO Dennis Basler. I had just walked back to my car in parking lot B. I got into the drivers side to get warm from the cold after the utica university homecoming football game. As I was sitting in my car I saw a family of four walking to the other side. A husband and wife and two children.

The man saw me me sitting in my car. He was there supporting the other team. He saw my utica college stickers on my car. He became enraged high on drugs. He grabbed his door handle and threw open his door into the passenger side of my car putting a dent in it. Assaulting me intentionally. I got out and went over to that side of my car. I looked and saw the dent running my hand over it. In the light. He denied any damage. After I showed him. Being a wise guy. Saying "What damage". I pointed it out to him a couple of times. I asked for his insurance papers. He was reluctant yet he did provide it to me. His wife called the cops to the scene. He did not deny hitting me in my car only the damage. The two utica police cops showed up. The reporting office I showed him the dent twice. He could see it. He just lied that he could not. He ran his hand over it to. His partner backed him.

He deliberately fabricated evidence against him and continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant

44

deliberately mischaracterized witness statements in his investigative reports. To protect

the assault act itself and the actor. His wife and kid were a witness. The insurance

adjuster saw it. She took pictures of it in my driveway at home. They said they will not

pay out because the cop lied on the report. If the cop had not lied about it they would have

paid. They said it was worth about sixty dollars in repairs. The defendant's conduct is an

actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that

conduct, and the conduct has a sufficient connection to the result. Cops get away with

lying all the time. Ask the district attorney.  The defendant lacked probable cause and

reasonable articulable suspicion a crime was committed or about to be. In a conspiracy

with the prosecutor over the telephone at the time of arrest or upon submission to the

local judge. He was wearing a police uniform, badge, gun, and radio, driving a police

vehicle conducting his official duties while on the payroll of the government with his

police partner. The defendant acted under color of state law; and  the [act[s]] [failure to

act] of the defendant deprived the plaintiff of particular rights under [the laws of the

United States] [the United States Constitution] as explained in later instructions; and  The

defendant's conduct was an actual cause of the claimed injury of his cosnitutional right.

One million dollars in damages.

## THIRTEENTH CLAIM

13.) Trespass. Delaware County, Town of Delhi. Arrested on August 12, 2017 near the

4H Camp Shankitunk located at 2420 Arbor Hill Road, Delhi County of Delaware, New

York. A delaware county owned land. Run by the Cornell Cooperative Extension.

Arrested by Delaware County Sheriff's Deputy Joseph G. Petriella, Delaware County

Sheriff Office, 280 Phoebe Lane – Suite 1, Delhi, New York 13753. Telephone: (607) 832-5555. Whom I asked permission. I called a Mr. John Hannum between August 7 and August 11 2018 seeking permission from him to camp at Lennox Forest. John Hannum of Cornell Cooperative, 4H division, Broome County, 840 Upper Front Street, Suite 1, Binghamton, New York 13905. Telephone: (607) 772-8953, broome@cornell.edu, gave me verbal permission to camp at Lennox Forest a part of Camp Shankitunk. Plaintiff was falsely arrested for the violation of Trespass. Delaware County District Attorney, prosecutor Mr. Sean Becker, 1 Courthouse Square – Suite 5, Delhi, New York 13753. Telephone: (607) 832-5299, Facsimile: (607) 832-6045.

He did handcuff me at my car parked in Lennox Forest aprking lot an dput me into the back seat of his car at around 10:00 p.m. on August 12, 2017. He then drove me down to Camp Shankitunk main building parking lot and went into the building. I was car camping about an eighth of a tenth of a mile up arbor hill road at at trail entrance parking area. After forcing me to open my trunk to my car. I told him I had asked verbal permission to be there prior to my stay from Cornell Cooperative Extension. There were posted signs on the side of the road in the ditch. About six of them advertising a band and party for the public. Around that time I walked down to the site and walked into the main hall to see if I could pay to listen to the band playing. Nobody was at the door. I walked farther into the main area between the tables where a lot of people were sitting. I know what 4H means. I never asked that question. I never asked any question.

The music was playing and people dancing. I stood there for less than a minute when a lady walked up to me in a rude tone of voice and asked me. She said. "are you here to see

somebody"? Because she was rude I said " no". I turned around and walked out of the building back up to my car and sat in it while it just started to rain harder. About thiry minutes later four cop cars pulled up and into the parking lot behind my car and around it. Demanding I get out (Petriella). I did. He asked me to open the trunk against my wishes and I did. He asked me what was going on. I told him. He arrested me in handcuffs into the back seat of his car and drove me to the 4H site. Where he went inside to get the statements and complaint.

On September 9, 2017 around 3:10 p.m. somebody came knocking at my door. Repeatedly. It sounded like the landlord's employees knocking at my residence door to bother me. Without giving me a minute to answer it. They repeated this type of annoying behavior at my door several times. Then one yelled. "Police. If you do not answer the door I will come back with an arrest warrant". I answered the door once I knew who it was. You can never be to safe at your own residence door. One state police officer had me a criminal summons telling me I had to appear in the Delhi town court on the charge of Trespass. I told him I did not trespass. It was false. He said they were just delivering it. They did not care. Even though they knew I did not trespass. Both of them decided to sign it. Badge number 5573. Tpr. J.Z. H….. A and Tpr. J.F. Vogl Badge number 1818. That was the first time I knew why I was handcuffed and arrested at Lennox forest on the night of August 12, 2017.

He charged me with trespass after he told me what was said. I told him that was not the truth. The lady, Bonnie Radley, who had confronted me,  449 County Route 2, Delancy, New York 13572. Telephone: (607) 746-3307. She  had lied to him. He said he

47

did not care. He believd it. He associates with liars, stealers and cheaters. He deliberately
fabricated evidence against me and continued his criminal investigation despite knowing
that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized
witness statements in his investigative reports. The defendant's conduct is an actual cause
of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and
the conduct has a sufficient connection to the result. He knew the prosecutor Mr. Sean
Becker, 1 Courthouse Square, Suite 5, Delhi, New York 13753. Telephone:
(607)832-5299, Facsimile: (607) 832-6045, would believe him and the judge would to.

He and the prosecutor thought it would be funny to convict me on a lie. Conspiring to
to corrupt the justice system of telling the truth. They said I had no right to tell the truth
and turn her in for making a false police report. She never verbally or otherwise told me
to leave the property. I walked straight out of the building up the road without stopping. It
was not on my agenda for the weekend. It was not important to me. I was of legal age to
drink alcohol. Most of her statements in the voluntary statement sheet were lies. She
never walked up to me in the doorway. I was in the aisle of the tables where people were
sitting when she walked up to me. I did have beer odor on my breath. I had missed my
SUNY Delhi Alumni Weekend Reunion. I got an Associate in Applied Science, Building
Construction major (1978). I never remained on the property after the brief conrfontation
by Miss Radley. I was never told to leave the property. I had left. I had to drive all the
way from Bainbridge to Delhi to appear several times in court. Before Justice  Richard L.
Gumo, Delhi Town Court, 5 Elm Street, Delhi, NY 13753. Telephone: (607) 746-8696
option 2 / Facsimile: (607)746-2983. After six months waiting for trial. The prosceutor

said he would dismsis it.

I called the justice to find out where to report Miss Radleys lies. He turned into a fit of rage and put the case back on the calendar to teach me a lesson about reporting liars. He says nobody tells the truth in his court. I appealed to County Surpreme Court Judge Northrup. He said Bonnie Radley can lie about anything she wants to. Him and Justice Gump hold perjruy dear to them personally. Whatever Bonnie lies about is alright with them. If Polly G. Della Crosse, the camp director wants to, lie she can. She can believe Miss Radely lies. To file the complaint. I appealed to the state court Honorable Jenny Rivera, Judge of the Court of Appeals, 20 Eagle Street, Albany, New York 12207. She felt the same way as the other judges that perjury is sacred to them. It is part of club membership to lie, steal, and cheat. If you gte away with it great for you. Because of this false police statement and her perjury at trial under my cross examiantion. The justice found me guilty and forced me to pay a fine. Because I drank alcohol at a legal age and was car camping with permission while unemployed and disabled. I had entered the county owned 4H building run by Cornell Cooperative about 7:30 p.m. and exited it about 7:35 p.m. I was in there for about five minutes. I thought it was open to the public based upon the six signs on ther shoudler of the road. I thought I would inquire whether it was or not. I was never told to leave the property. The only words Miss Radeley said to me were "Are you looking for somebody". My resposne was "no". I turned around and walked out of the building and off the land back to my parked car at Lennox Forest gravel parking lot trailhead.

I sat in my car trying to dry off a little for about half an hour when the deputies

49

showed up in two vehicles and the SUNY Delhi state police showed up in two vehicles. She never said it was private  property, She never said it was a 4C or H camp. I knew that from earleir conversations with John Hannum about a week earlier that night. After my careful computer reseacrh in finding a place to sleep in my car for saturday night. I never saw her with a lady named Judy Taggert nor on the telephone calling 911.

The deputy said he heard I was drinking and driving. I said no. Give me a breath test. He refused. He knew I had been parked there for a couple of hours. If I had been drinking a couple of beers it was in the parking lot with nobody around. He knew I had not trespassed after our conversation. He said he did not care if I was or not. He said he was going to stay at the bottom of the road all night to make sure I did not go back to the 4H Camp. He could have stayed there all week as far as I was concerned. He just wanted to harass me for those old ladies hanging out at the 4H Camp wasted on speed. He was acting like a lunatic with them. Becker knew she was going to lie in court giving her testimony along with Petriella knowing she was going to lie. They knew the justice Gumo would believe her lies. They knew that was the only way to get a false conviction. Was to advance a false statement and perjury. Orchestrating it. They knew it would be easy to convince the justice and appeals judges believing everything they said.

Because they were as dumb as them. Creating a travesty of justice. They are nothing more than a bunch of common criminals in the community on the job breaking the law (lying, stealing, and cheating). Cops get away with lying all the time. Ask the district attorney.  He deliberately fabricated evidence against him and continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant

deliberately mischaracterized witness statements in his investigative reports. The
defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not
have occurred 'but for' that conduct, and the conduct has a sufficient connection to the
result. Cops get away with lying all the time. Ask the district attorney. The defendant
lacked probably cause and reasonable articulable suspicion a crime was committed or
about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or
upon submission to the local judge. He was wearing a police uniform, badge, gun, and
radio, driving a police vehicle conducting his official duties while on the payroll of the
government with his police partner. The defendant acted under color of state law; and the
[act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under
[the laws of the United States] [the United States Constitution] as explained in later
instructions; and The defendant's conduct was an actual cause of the claimed injury of a
consitutional right. One million dollars in damages.

## FOURTEENTH CLAIM

14.) I was falsely arrested on 08/21/18. Ticket No, State Trooper  HOBBS, K  Date:
0112912O19  Case No: 18080035- Statute/Section Charge Text  VTL 1 128 OA VTL
1201 OA  LANE VIOLATION and STOP/PARK VIOL. Date 8/21/18. He falsely
arrested me for being a victim of road rage. Prosecutor Mr. Sean Becker, 1 Courthouse
Square, Suite 5, Delhi, New York 13753. Telephone: (607)832-5299, Facsimile: (607)
832-6045. Falsely incarerated in the Delaware county jail for nine days. State Police
Trooper Hobbs with his partner in another trooper car at the scene (playing good cop/bad
cop), Address: 823 State Highway 7, Unadilla, New York 13849. Telephone: (607)

51

547-2233. I was driving my loaner car (mine was on recall) from Oneonta Ford, 5142

State Highway 23, Oneonta, New York 13820. Telephone:(607) 432-7300, out of the

parking lot at Price Chopper at the intersection of Delaware Street in Sidney New York.

They had just pulled out the stop sign at the intersection a week earlier. I paused. All the

(5) roads from commercial sites off Delaware Street had stop signs and stop lines prior to

that date. Just before I was about to move out into traffic a car driven behind me began

blasting his horn and yelling out his drivers side window to "move it". (Mr. Miranda was

his name) from New Jersey. I became alarmed. I made my right. The driver began

passing me on the left side over double solid yellow lines at the intersection. When he

tried passing me over the double solid yellow lines when I was increasing my speed on

the new road to twenty five in a thirty. It appeared from my side rearview mirror he was

experiencing a medical issue and was driving straight across the street into a deep drop

off embankment. No approaching vehicles were near. I was going to pull over across the

road to try to help if necessary using my left turn signal in case.

When it is safe you can make a left turn crossing double solid yellow lines in new york

state according to the drivers manual. Trooper Hobbs says it is illegal. Then he pulled out

into the opposing lane to pass me. I drove back a couple of feet back into my lane. He

was in a fit of road rage not medically sick. He was high on drugs. He continued his rage.

Pulling next to me. Then he pulled back behind me tailgating me. Then pulled out onto

the paved shoulder to pass me on the right. Then backing off after getting even with me

again. Then he began passing me over the double solid yellow lines in a 30 mph area. I

was traveling about twenty five. When he pulled back into the lane seeing oncoming

vehicles he side swiped my car. Not giving himself enough room to clear my rental car. He was very reckless in a fit of rage for drugs. High as a kite. An out of state sole driver with New Jersey license plates. Making his drug deals in the area. I was in trauma from the harassment and collision he caused. I did not know what he was going to do next. I was scared.

Two state cops show up in two vehicles. Hobbs gave me a ticket for lane violation. At trial he (prosecutor) said nobody has a right (duty) to try and save a life. Then one for stop/park. I was to traumatized from the injury sustained from the road rage and impact to respond. He and the prosecutor said at trial nobody has a right to be injured from a car collision. Nobody matter how much spinal injuries they had. Hobbs testified at trial falsely that I had told him I would not let a crimnal pass over double solid yellow lines while in the commision of a crime. Only the cops can if they want to. They do not want to do it. He deliberately fabricated evidence against me and continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in his investigative reports. Him with the prosecutor were advocating that nobody should stop a crime during its commisision let a lone a civilian that was just victimized by him. They claim there is no self defense to a crime. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. The Sidney Town Court Andrew Z. Skrobanski judge, 21 Liberty Street, Civic Center, Sidney, New York 13838, Delaware County, Telephone: (607) 561-2309, agreed with those two and found me guilty of the two violations. He said I was

egregariously reckless letting and not letting a criminal break the law and defending and not defending myself. In a fit of rage with the cop and prosecutor.

Incarcerated me for nine of the fifteen days in the Delaware County Jail. I appealed to the county surpeme court Honorable. County Judge Northrup (retired), 3 Court Street Delhi, New York 13753. Telephone: (607) 376-5400, Facsimile: (646) 963-6402. and the appellate court judge Lawrence Khan District Judge, James T. Foley U.S. Courthouse, 445 Broadway, Room 424, Albany, New York 12207. Telephone: Judicial Assistant, Scott Barnes, (518) 257-1830. They agreed with the corrupt prosecutor and dirty cop. That lying at the town court trial is alright for a cop and prosecutor. Falsley claiming the plaintiff had admitted to not allowing a crime to happen. The said cops, prosecutors and judges were advocating for crimes to be committed in the state. Nobody is allowed to stop or interfer with a crime in progress they say. Not even cops. Saying he can Pass me illegally and Harass me and there is nothing I can do about it. They like criminals on the street driving in the state for the drugs.

They were saying they do not want heros in Sidney, Delaware county or new york state. I showed the town judge all the pictures I took that show I had let the criminal speeder pass me. When he saw oncoming vehicles he panicked and swerved back in the lane side swiping my car drivers side mirror and fender. They are mentally sick on drugs. They think it was all funny to harass the victim with false criminal charges and false imprisonment. To tell the public they like criminal activity behind the wheel in the state. They are corrupt. All I was doing was getting groceries and driving home when all this happened. The car was a rental from Oneonta Ford I believe for a recall. It was reported

54

to my insurance company. I was released from jail under protest from Hobbs to drive me back home. A social worker had to in Delhi.

He deliberately fabricated evidence against me and continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleges that defendant deliberately mischaracterized witness statements in his investigative reports. The defendant lacked probable cause and reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. Cops get away with lying all the time. Ask the district attorney. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government with his police partners. The defendant acted under color of state law; and the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury of a consitutional right. One million dollars in damages.

## FIFTEENTH CLAIM

15.) Speeding Ticket violation. Trooper John Doe (alias) Connecticut State PoliceTroop A, 90 Lakeside Road, Southbury, Connecticut 06488. Telephone: (203) 267-2200. Arrested for passing a tractor trailer in the slow lane on Interstate Highway 84

in Litchfield County. The summer of 2004 or 2005. This correspondence is in response to your public information request received on April 10, 2025, for Legal Affairs. Your request for information has been referred to this office for review and response. "Please be advised that a search of our records has been completed and no results responsive to your request have been located when searching with the information that you provided. Respectfully, Rosemary Rosa, Paralegal Specialist, Legal Affairs, GovQA Ref # F002989-041025". Connecticut Department of Emergency Services and Public Protection.   I pulled back into the slow lane and began decelerating. He gave me a appearnce ticket for speeding before Kent Township court. Town of Kent Justice Court, 25 Sybil's Crossing Kent Lakes (25 Sybils Xing, #109, Carmel, NY 10512) , New York 10512. Telephone: (845) 225-1606, Facsimile: (845) 306-5280. Case dismised. He deliberately fabricated evidence against me and continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in his investigative reports. The defendant lacked probable cause and plausible reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government. The defendant acted under color of state law; and  the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and The defendant's conduct was an actual cause of the claimed injury of a consitutional right.

56

One million dollars in damages.

## SIXTEENTH CLAIM

16.) Ticket Cutting State Tree, Black River Wild Forest, North Lake Camp Site 9
Atwell, New York on arrested on July 1, 2020. Ohio, Herkimer County, New York. This
case was dismissed February 2024 said Justice Fleming, Town Court, 234 Nellis Road,
Ohio, New York 13324 in an email. I had to drive all the way there to appear in court for
a double appearance. The first I heard of that was on July 30, 2024. Forest Ranger Aimee
Bills. Division of Forest Protection, 625 Broadway, Albany, New York 12233,
Telephone: (518) 402-8839. Email: rangers@dec.ny.gov. made the false arrest. I was
walking down the dirt road to the lean-to entrance area on that morning when a suv came
speeding around the  bend and stopped next me. Two guys jumped out of the vehicle and
began yelling at me without face masks on during the height of covid 19 without
provocation. Speeding in their vehicle. Alarming me of my near death experinece. They
kept harassing me about somebody cutting down over grown tree branches in the remote
camping parking lot making room for vehicles to park.

I did not know what they were talking about. I was just walking down the road to the
entrance. Enjoying my camping trip for two weeks there. In my experience I have seen
where campers have cut down branches in and around campsites in remote regions ever
since they were open to the public. They called the cops and Miss Bills showed up in my
campsite saying she had to arrest me even if I did not do anything. Because those two
men said so.

57

Even if they said you can cut bracnhes anyways but just ask first. I told Bills I would say anything she wants if she does not give me a ticket. She deliberately fabricated evidence against me and continued her criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in her investigative reports. The defendant lacked probable cause and plausible reasonable articulable suspicion a crime was committed or about to be. In a conspiracy with the prosecutor over the telephone at the time of arrest or upon submission to the local judge. The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll for the government. The defendant acted under color of state law; and  the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and  The defendant's conduct was an actual cause of the claimed injury of a consitutional right. One million dollars in damages.

## SEVENTEENTH CLAIM

17.) Susquehanna County. Trooper John Doe (alias).Susquehanna County Pennsylvania, Gibson Barracks, 2856 State Route 848, New Milford, Pennsylvia 18834. Telephone: (570) 465-3154. TROOP R - DUNMORE, 85 Keystone Industrial Park, Dunmore, Pennsylvania 18512, Dunmore Headquarters: (570) 963-3156  I was driving on interstate highway 81 north through susquehanna county in the evening when it was dark

requiring head lights minding my own business in the summer of 2005. Going back to Greene New York to see family. I going about 60 mph in a sixty five mph zone in the slow lane of the divided highway. To be a safe insurable driver. There was very little if any traffic at that hour. A large car approached me fast in my lane from behind. The driver began following me to closely/tailgating me with no traffic around alarming me to danger. I had not witnesses. No camera. Just my wits. Then he began tailgating me. He would not pass me nor indicate anything. I used my left turn signal and entered into the passing lane to let him pass in the slow lane which you can do. It appeared from his behavior he was high on drugs and/or drinking. At the very least working for those who do. Another drunk driver on the road. He was driving recklessly. He pulled up along side of me. It was a state trooper. He backed off. Then he pulled over into the passing lane behind me and began following me to closley and turned on his flashing lights to pull me over. I complied. He gave me a ticket.

He had no probable cause, no warrant, and no plausible reasonable articulable suspicion a cirme was commited or about to be committed. He deliberately fabricated evidence against him and continued his criminal investigation despite knowing that plaintiff was innocent. Plaintiff alleged that defendant deliberately mischaracterized witness statements in his investigative reports. He was wearing a police uniform, badge, gun, and radio, driving a police vehicle conducting his official duties while on the payroll of the government. The Milford town court judge believd him in error. The two must have been high on drugs. The defendant acted under color of state law; and the [act[s]] [failure to act] of the defendant deprived the plaintiff of particular rights under [the laws

of the United States] [the United States Constitution] as explained in later instructions; and  The defendant's conduct was an actual cause of the claimed injury of a consitutional right. One million dollars in damages.

### Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

A. A judgment for compensatory damages in an amount twenty five  million ($25,000,000.00) to be determined at trial pursuant to 42 U.S.C. § 1988, against all defendants for all claims for pain and suffering, mental and emotional distress (post traumatic stress disorder), or humiliation, and loss of personal property.

B. A  jury trial on all appropriate issues

C. An award of costs and expenses against the Defendants.

D. Any and all other relief this Court may deem appropriate. With the arrest of said defendants and there conspirators.

Respectfully Submitted,

Robert E. MacLaren

8/15/25

Robert E. MacLaren, Pro Se Plaintiff
3016 State Highway 7
Bainbridge, New York 13733

Dated: 08/15/25

Copy: File