**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT E. MACLAREN,

Plaintiff, 3:25-cv-1106 (ECC/ML)

v.

DAVID SMITH, West Pittston, Pennsylvania Police Officer, et al.,

Defendants.

---

**Appearances:**

Robert E. MacLaren, *Pro se Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Pro se Plaintiff Robert MacLaren commenced this action by filing a Complaint on August 15, 2025, and additionally sought leave to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 2, 10. This matter was referred to Magistrate Judge Miroslav Lovric who, on June 17, 2026, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation, recommending, among other things, that Plaintiff's Complaint be dismissed with leave to amend only as to certain claims. Dkt. No. 11. Magistrate Judge Lovric advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had "14 days within which to file written objections" to the Report-Recommendation and that "failure to object to th[e] report within 14 days will preclude appellate review." (Dkt. No. 11 at 17) (citing *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)). Plaintiff filed a timely objection to the Report-Recommendation. Dkt. No. 12.

For the reasons set forth below, the Court adopts Magistrate Judge Lovric's Report-

Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings in the" report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 6-cv-13320, 2011 WL 3809920 at *2 (Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296 (citation omitted).

## III. DISCUSSION

Plaintiff's allegations set forth seventeen unrelated claims against various Defendants pursuant to 42 U.S.C. § 1983 concerning incidents that occurred between 2004 and 2020. Dkt. No. 1. Magistrate Judge Lovric recommended that Plaintiff's Complaint be dismissed for four reasons. Dkt. No. 11 at 10. First, Magistrate Judge Lovric recommended dismissal based on violations of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure which "require, respectively, that a pleading include inter alia, 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and that 'a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.'" *Id.* (citations

omitted). Magistrate Judge Lovric cited to the frivolous nature of Plaintiff's voluminous, rambling allegations, preventing any meaningful analysis of whether and to what extent Plaintiff has pled any colorable claim against the Defendants. *Id.* at 10-12.

Second, Magistrate Judge Lovric recommended dismissal on statute of limitations grounds. Dkt. No. 11 at 12. He observed that, with the exception of Plaintiff's Sixteenth Claim, the three-year statute of limitations for Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 appears to have run, rendering these claims untimely. *Id.* at 12-13.

Third, Magistrate Judge Lovric recommended dismissal pursuant to 28 U.S.C. § 1406(a), based on improper venue. Dkt. No. 11 at 13. He noted that Plaintiff's claims relating to alleged incidents and individuals located in Pennsylvania, Texas, and Connecticut are not properly venued in this district, and that the Court is therefore empowered to dismiss these claims on such basis. *Id*.

Fourth, with respect to Plaintiff's Sixteenth Claim, Magistrate Judge Lovric recommended that, to the extent Plaintiff asserts a malicious prosecution claim, such claim be dismissed for failure to state a claim upon which relief may be granted. Dkt. No. 11 at 14. Specifically, he concluded that the Complaint fails to plausibly allege that any criminal proceeding was commenced with malice. *Id.*

In conclusion, Magistrate Judge Lovric recommended that Plaintiff's First, Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, Fifteenth, and Seventeenth Claims be dismissed without leave to amend based on improper venue pursuant to 28 U.S.C. § 1406(a). Dkt. No. 11 at 15. Out of deference to Plaintiff's pro se status and because a more detailed pleading could potentially cure the defects identified with respect to Plaintiff's Twelfth, Thirteenth, Fourteenth, and Sixteenth Claims, Magistrate Judge Lovric recommend that those claims be

dismissed with leave to replead. *Id.* at 16.

Plaintiff submitted a thirteen-page objection to the Report-Recommendation. Dkt. No. 12. The first eleven pages of the submission merely summarize Plaintiff's Complaint, and do not specifically challenge any aspect of Magistrate Judge Lovric's recommendation. *Id.* at 1-11. In the last two paragraphs of Plaintiff's submission, he asserts the following: (1) "Plaintiff's complaint is direct, simple and plain to the untrained eye. All of the Plaintiff's claims are factually serious, practical, important and sensible," and (2) "The statute of limitations has tolled." *Id.* at 12-13.

Plaintiff's first objection to Magistrate Judge Lovric's recommendation, presumably challenging the recommendation for dismissal based on frivolousness and for failure to comply with Rules 8(a)(2) and 10(b), is denied. "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The relevant inquiry is whether "the complaint's form or substance prevents the defendant from forming a 'fair understanding' of the plaintiff's allegations or otherwise prejudices the defendant in responding to the complaint." *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 281 (S.D.N.Y. 2015). Here, Plaintiff's sprawling allegations lack focus and relevance, placing an unjustified burden on the Court to determine whether Plaintiff has pled a cognizable claim. For those same reasons, the complaint fails to provide fair notice to the Defendants. Accordingly, and for the reasons set forth by Magistrate Judge Lovric, Plaintiffs' complaint is properly dismissed as frivolous and for failure to comply with Rules 8(a)(2) and 10(b).

In his second objection, Plaintiff contends that the statute of limitations has tolled and cites to various cases and the general legal standard governing the application of equitable tolling. Dkt.

No. 12 at 12-13. Plaintiff asserts, without further explanation, that "equitable tolling should apply in these cases." *Id.* at 13.

"Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. U.S.*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Because statutes of limitations protect important social interests in certainty, accuracy, and repose, equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *Id*. (cleaned up with internal citations and quotations omitted).

The Second Circuit has held that dismissal, sua sponte, is appropriate where the existence of an affirmative defense, such as untimeliness, is plain from the face of the complaint. *See Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011). However, the Second Circuit has likewise cautioned district courts not to dismiss a pro se action sua sponte on statute of limitations grounds without giving a pro se litigant notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007).

The applicable limitations period for actions brought pursuant to 42 U.S.C. § 1983 in New York is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). Here, the vast majority of Plaintiff's § 1983 claims appear to be untimely on their face. Plaintiff's allegations relate to events that occurred between 2004 and 2020, more than three years before the commencement of this action in August 2025. To the extent Magistrate Judge Lovric specifically recommended that Plaintiff's untimely claims be sua sponte dismissed, Plaintiff was provided the

requisite notice and opportunity to be heard by the district court on this issue. *See E.A. Sween Co., Inc. v. A & M Deli Express Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019)(summary order) (recognizing that magistrate judge's report recommendation provided "explicit notice that the District Court would be considering dismissal and provided [plaintiff] an opportunity to be heard on the issue."); *Weather v. Lisi*, No. 6:19-cv-1485 (GLS/ATB), 2020 WL 830615, at *1 (N.D.N.Y. Feb. 20, 2020) (noting the report recommendation "has arguably provided [plaintiff] with both adequate notice and an opportunity to be heard," considering that plaintiff objected "solely on the basis of equitable tolling in an effort to save his claim[.]"). However, while Plaintiff refers to equitable tolling in his objection to the court, he provides no further explanation or legal basis for the Court to even consider whether this extraordinary remedy should be applied to save his many, unrelated claims. Moreover, even if this Court were disinclined to adopt Magistrate Judge Lovric's recommendation to dismiss based on timeliness grounds, the Complaint remains subject to dismissal for the other, thoroughly discussed reasons set forth in the Report-Recommendation, including improper venue, failure to state a claim, and failure to comply with the Federal Rules of Civil Procedure. Accordingly, Plaintiff's second objection to Magistrate Judge Lovric's recommendation is denied.

The Court has reviewed the remainder of the Report-Recommendation for clear error and found none. Accordingly, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation, Dkt. No. 11, is **ADOPTED,** and it is further

**ORDERED** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED (1) without leave to**

**replead** with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Fifteenth, and Seventeenth Claims; and (2) **with leave to replead** with respect to the Twelfth, Thirteenth, Fourteenth, and Sixteenth Claim; and it is further

**ORDERED** that Plaintiff is granted leave to amend to the extent authorized by Magistrate Judge Lovric's Report-Recommendation. Any Amended Complaint must be filed **within thirty (30) days** of the date of this Order. Any Amended Complaint must be a complete pleading which will replace the claims submitted in Plaintiff's original Complaint; and it is further

**ORDERED** that if Plaintiff files a timely Amended Complaint, it shall be referred to Magistrate Judge Lovric for review; and if Plaintiff fails to file a timely Amended Complaint, the Clerk is directed to close this case without further order; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 22, 2026

Elizabeth C. Coombe
U.S. District Judge